### L. OTZEN & CO. v. J. K. ARMSBY CO.

(Court of Appeals of District of Columbia. Submitted November 11, 1919. Decided December 1, 1919.)

No. 1249.

1. TRADE-MARKS AND TRADE-NAMES ☞45½, New, vol. 6A Key-No. Series— PRIOR USE OF DOMINATING FEATURE DEFEATS ATTEMPT TO CANCEL REGISTRATION.

The petition to cancel a trade-mark registration cannot be granted on the ground that it had as the dominating feature the word "Sunshine," where the registrant had used the word "Sunshine" alone as a trade-mark before petitioner had registered its mark containing that word.

2. TRADE-MARKS AND TRADE-NAMES ☞43—PROBABLE CONFUSION BETWEEN MARKS "BLOSSOM AND SUNSHINE" AND "FROM THE LAND OF SUNSHINE."

The Patent Office tribunals were correct in holding that the mark "From the Land of Sunshine" is not so similar to the mark "Blossom and Sunshine," associated with the representation of blossoms and a sunburst, as probably to result in confusion in trade, although both marks were used on dried fruits.

Appeal from a Decision by the Commissioner of Patents.

Petition by L. Otzen & Co. to cancel a trade-mark registration, opposed by the J. K. Armsby Company. From a decision of the Commissioner of Patents denying the petition, the petitioner appeals. Affirmed.

A. P. Greely, of Washington, D. C., for appellant.

E. T. Fenwick and L. L. Morrill, both of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. This is an appeal from the Commissioner of Patents in a trade-mark cancellation proceeding, in which the petitioner, L. Otzen & Co., is seeking the cancellation of the registration of the mark "From the Land of Sunshine," granted to the registrant March 31, 1914.

Petitioner's mark consists of the words "Blossom and Sunshine," associated with the representation of blossoms and a sunburst. Both marks are used on identical goods—dried fruits.

[1] It is contended by petitioner that the word "Sunshine" is the dominating feature of each mark. Registrant, however, answers this by way of a counterclaim that petitioner's registration of the mark in issue in 1906 was illegally secured, because of a prior use by registrant of a mark for fruits consisting of the word "Sunshine" alone. The use of this mark, registrant claims, was prior to any rights acquired by petitioner in its present mark. This would seem to foreclose conclusively petitioner's right to demand cancellation of registrant's mark on

---

the ground that its dominating feature is the word "Sunshine," since prior rights to the use of that word are in the registrant.

[2] This, however, does not decide the issue of probable confusion arising from the use of the marks in question. We agree with the tribunals below that there is nothing inherent in the appearance of the marks, or in the proof adduced by petitioner, to justify an adjudication that the marks are so similar as to be likely to lead to confusion in trade.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.

Affirmed.